**Shirley M. WHEELER, Individually and on behalf of all others similarly situated,**

v.

**ARMCO STEEL CORPORATION.**

**Civ. A. No. 74-H-139.**

United States District Court, S. D. Texas, Houston Division.

June 12, 1979.

Mandell & Wright, Eliot P. Tucker, Houston, Tex., for plaintiff.

Butler, Binion, Rice, Cook & Knapp, Louis B. Paine, Jr., Houston, Tex., for defendant.

MEMORANDUM

STERLING, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, Shirley M. Wheeler, brings this action against National Supply Company, a division of Armco Steel Corporation, alleging violations of Title VII, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206(d), on the basis of sex discrimination. The case was tried before the court as a class action on January 3 through 6, 1979. The court having considered the evidence, now enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. National Supply Company (National Supply) is a division of Armco Steel Corporation, and is located at 1455 West Loop South, Houston, Texas. At such address are the administrative offices of National Supply from where it conducts its worldwide sales and profit center operations. National Supply is in the oil field supply business, including manufacturing and distribution of oil drilling equipment.

2. Shirley M. Wheeler (Plaintiff) filed a charge of employment discrimination with the Equal Employment Opportunity Commission on July 19, 1973, alleging sex discrimination in violation of Title VII. On January 24, 1974, the Commission issued a notice of right to sue within ninety days and this action was filed on the same date.

3. Plaintiff was employed by National Supply on March 22, 1966, and classified as a non-exempt 3 clerk-typist at a starting salary of $360.00 per month. On May 28, 1968, the Plaintiff voluntarily resigned her job to accept a position with another company. When she resigned, she was said to be performing her job very satisfactorily and would be considered for reemployment. At the time of her resignation, she was making a salary of $470.00 per month. The Plaintiff was rehired on November 7, 1968, and classified as non-exempt 5 at a salary of $500.00 per month. Since that time she was promoted to fleet analyst on October 1, 1969, with a non-exempt classification 7; to purchasing assistant on September 1, 1973, with a non-exempt classification 8; and to assistant buyer on February 16, 1977, with an exempt classification of 245. On May 1, 1978, Plaintiff was making a salary of $1,720.00 per month.

4. When the Plaintiff was promoted to fleet analyst in October of 1969 and classified non-exempt 7, she replaced Mr. Tom Terrell who was classified non-exempt 9. Plaintiff was placed on a ninety-day probationary period as was customary company policy. She performed substantially less duties than her predecessor, as certain duties involving automobiles were reassigned to a Mr. Milburn, Plaintiff's immediate supervisor. These duties included evaluating and selling fleet vehicles to employees, assessing damage to wrecked vehicles, assigning automobiles, and attending automobile manufacturer model review conventions. These duties were assigned to Mr. Milburn because Miss Wheeler lacked experience in dealing with automobiles and was not competent to perform such tasks at that time, and not because of Plaintiff's sex. By the summer of 1971, Plaintiff was receiving $721.06 per month as compared to Mr. Terrell's salary on departure of $741.96 per month.

5. Plaintiff has failed to prove that she was paid less than a man performing the same duties as she. The only contentions that Plaintiff makes as to whether a man's job was equal to hers in skill, effort and responsibility are related to the Hay system, which is a system of job evaluation by assigning a number of points to a particular job based upon needed know-how, problem solving ability, and accountability. This system does not take into account seniority or merit wage increases or differentials based on factors other than sex and, therefore, is not evidence of a job being equal in skill, effort and responsibility. From the evidence heard at trial, it cannot be said that sex was a factor in the variations in wages between Plaintiff and any other employee of National Supply.

6. The company did not discriminatorily fail to promote Plaintiff or otherwise discriminate against her in employment opportunities on the basis of her sex in violation of Title VII nor in violation of the Equal Pay Act.

7. By order dated January 19, 1978, this action was certified as a class action maintainable by Plaintiff on her own behalf and on behalf of all past, present and future female employees of the company employed or working at 1455 West Loop South, Houston, Texas, from July 19, 1971, to date of the trial.

8. From 1971 to 1973 National Supply was in the midst of an economic slump which curtailed their hiring of new employees, as well as their promotions. Fewer women, as well as men, were hired during this time and therefore fewer women employees were subsequently available for promotion into higher positions.

■ 9. Plaintiff's statistical evidence of the company's alleged initial and subsequent job assignments and promotional practices does not show discrimination on the basis of sex. There was no evidence that such employment determinations were made discriminatorily or that factors such as skill, education, experience and responsibility were not taken into consideration by National Supply.

■ 10. The company until late 1973 used a requisition for employee form which contained a blank where a supervisor in filling a particular job might indicate his preference for either a male or a female. There is evidence to indicate that such a preference was used to indicate a bona fide need for a male in certain circumstances, such as in jobs which required heavy lifting. This form was changed in 1973 to delete this blank, and there was no evidence of any female being discriminated against by virtue of the use of the earlier form.

11. The employee requisition forms used by supervisors in need of an employee to fill a job, provided a space for job specifications. The supervisors were to describe the qualifications needed for the job, and the personnel department was to match a qualified employee with the job. Although some supervisors were more explicit than others, sufficient objective criteria describing the job were generally given to identify and describe the tasks involved and the qualifications required.

■ 12. National Supply maintained a practice of keeping a newly promoted employee on a ninety-day probationary status, denying him an increase in pay during that period. This probationary period mechanism is used to insure that the newly promoted employee is suited for his new job. Although the probationary period is not always implemented, there is evidence to show that it is the usual course to have such testing period, and that such a probationary period has been applied consistently to men and women.

■ 13. The job classifications at National Supply include a range of competency among employees, such as assistant buyer, senior buyer, associate engineer, senior engineer. Although a job classification may have a certain Hay point total, a particular employee, because of his seniority, experience, and education, may be paid more than an employee who has been newly promoted into that job classification. This justifiable business practice explains why there may be a disparity between the salaries of two employees within the same job classification.

■ 14. The Houston standard metropolitan statistical area is not the appropriate labor market for measuring National Supply's female employees' promotion to various job categories. The tenure of the average female with the company is 10.54 years and most employees are promoted from within the company. Therefore the employees within the company is the appropriate labor pool to measure and assess.

15. There is evidence that although National Supply had a policy of promotion from within, it did do some lateral hiring, and that several women were among those so hired.

■ 16. National Supply grants an annual general percentage increase in salary for all employees plus a constant dollar cost of living allowance. This has the effect of keeping up with inflation but does not increase disparity in pay. This practice is not discriminatory in effect.

■ 17. National Supply has a policy of giving only a certain percentage of prior salary in merit increases to its employees in order to prevent an inequitable rise or reduction in salary. Although such a practice may result in an employee's being paid less than his job category mandates, such employee is "green circled" and is given the earliest possible pay increase to put his salary in accordance with his job classification. This percentage increase system is applied consistently to men and women employees and is not discriminatory in effect.

■ 18. There was substantial evidence offered by National Supply indicating the gradual rise through job ranks of several women ultimately taking exempt, professional positions. These examples were probative of the promotion system available to all employees, irrespective of sex. Any paucity of women at the top level jobs at National Supply has been shown to be the result of the small number of women available and qualified for the higher positions at the company. As time has passed, more women have progressed through the ranks and have been available for promotion into the higher job categories. This has been the result of a mobile and fluid promotion system that has accepted the only recent influx of women into the previously male oriented world of oil drilling equipment distribution, and not the result of sex discrimination on the part of National Supply.

19. National Supply's policies, practices, customs and usages have not discriminated against Plaintiff and the class she represents on the basis of sex with regard to job assignments, promotions, job classifications, wages and other terms and conditions of employment.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and subject matter of this action.

■ 2. Under the Equal Pay Act, the Plaintiff, in order to recover, must first show unequal pay for jobs which entail equal skill, effort, and responsibility and are performed under similar working conditions. 29 U.S.C. § 206(d)(1). Defendant has not violated the Equal Pay Act with respect to Plaintiff and the class she represents.

3. Defendant has not discriminated against Plaintiff and the class she represents on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e et seq.

4. Plaintiff and the class she represents should take nothing against National Supply in this action.

Any finding of fact which constitutes a conclusion of law is hereby adopted as such, and any conclusion of law which constitutes a finding of fact is hereby adopted as such.